UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HENRY JEHOVANY AGUIRRE SANCHEZ,

Petitioner,

v.

PATRICK DIVVER, et al.,

Respondents.

Case No.: 26-CV-4294 JLS (GC)

**ORDER GRANTING IN PART PETITION FOR A WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Henry Jehovany Aguirre Sanchez's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court are Respondents' Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5). For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

**BACKGROUND**

Petitioner, a citizen of Honduras, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Center since June 17, 2026. Pet. ¶ 30. Petitioner entered the United States without inspection in 2012 and has never encountered immigration authorities. *Id.* ¶¶ 25–29. Petitioner was arrested on June

17, 2026, when he was returning home from work in Buffalo, New York. *Id.* ¶ 30. Petitioner alleges that his detention without an administrative warrant or pre-deprivation hearing violates the process set out in 8 U.S.C. § 1226(a). *Id.* ¶¶ 31–37.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues, and Respondents do not contest, that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. However, the Parties disagree as to whether a bond hearing or release is warranted in this case. *See id.* The Ninth Circuit held that unadmitted non-citizens present in the interior of the United States are subject to 8 U.S.C. § 1226 and are not subject to 8 U.S.C. § 1225. *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th --- (9th Cir. July 30, 2026). Respondents acknowledge that Petitioner "is an unadmitted alien present in the interior of the United States" and therefore "is subject to detention under 8 U.S.C. § 1226(a)." Ret. at 1. Respondents do not oppose an order directing a bond hearing to be held pursuant to 8 U.S.C. § 1226(a). *Id.* at 1–2. Petitioner argues that he should be released based on a failure to issue an administrative

warrant pursuant to § 1226(a). *See* Pet. ¶¶ 61–67; Traverse at 4–6. Respondents do not address the apparent lack of a warrant in detaining Petitioner. *See generally* Ret.

The Court finds that release is not the appropriate remedy in this case. Section 1226(a) states that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." In general, "when arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." *Lopez-Perez v. Johnson*, No. 1:26-CV-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026) (quoting *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026)). Therefore, as with the Eastern District in *Lopez-Perez* and the District of Maine in *Garcia De Melo*, the Court concludes that Respondents' forty-eight-hour clock to conduct an initial custody determination starts running with the issuance of this Order. As the court in *Garcia Del Melo* explained, to hold otherwise would "place Respondents in the untenable position in future cases presenting similar circumstances, in which Respondents must decide whether to deliberately violate controlling agency precedent in anticipation of a possible objection a detainee may or may not raise in a future habeas petition not yet before this Court, and then further guess how this Court might rule."[1] *Garcia De Melo*, 2026 WL 925672, at *5. The Court thus **DENIES** the Petition to the extent it seeks release.

The Court instead finds that a bond hearing is the appropriate remedy. As Respondents agree and do not oppose an order directing a bond hearing, the Court **GRANTS** the Petition to the extent it seeks a bond hearing pursuant to § 1226(a).

/ / /

/ / /

---

[1] At the time of Petitioner's arrest, June 17, 2026, the decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th --- (9th Cir. July 30, 2026), had not yet been issued.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus (ECF No. 1). The Court **ORDERS** that **within 48 hours of this Order**, Respondents **SHALL CONDUCT** an initial custody determination pursuant to 8 U.S.C. § 1226(a), at which point they may (1) release Petitioner or (2) continue his detention if deemed appropriate. If Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL SEEK** an arrest warrant immediately. If the warrant is not granted, Respondents **SHALL RELEASE** Petitioner immediately.

If a warrant is granted, the Government **SHALL PROVIDE** Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days of the initial custody determination, unless Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

The Parties **SHALL FILE** (1) a joint status report informing the Court of the outcome of the custody determination on or before August 12, 2026, and (2) if a warrant is granted, a joint status report informing the Court of the outcome of the bond hearing or Petitioner's request for a continuance on or before September 4, 2026. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 6, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge